Opinion filed November 13, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed November 13,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00107-CR 

                                                    __________

 

                                  DAVID BRIAN NOACK, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 1

                                                    Montgomery
County, Texas

                                             Trial
Court Cause No. 06-213870-01

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

 The
trial court convicted David Brian Noack of misdemeanor driving while
intoxicated and assessed his punishment at six months confinement in the
Montgomery County Jail and a $500 fine.  The trial court suspended the
imposition of the confinement portion of his sentence and placed him on
community supervision for one year.  We affirm.

                                                              I.
Background Facts








DPS
Trooper William R. Frederick was on patrol when he observed Noack drive a
motorcycle onto the shoulder of the road twice over a one-half mile stretch of
highway.  Trooper Frederick stopped Noack for driving on an improved
shoulder.  Noack told him that he had crossed the fog line because he was
talking to his passenger and was not paying attention.  Trooper Frederick
noticed that Noack=s
eyes were red and glassy, that he had an odor of alcohol on his breath, and
that his speech was slurred.  He administered two field sobriety tests, and
when these indicated that Noack was intoxicated, he placed him under arrest for
driving while intoxicated.

 
                                                         II. Issues

Noack
challenges his conviction with one issue, contending that the trial court erred
by denying his suppression motion.

                                                                   III.
Discussion

Noack
filed a pretrial motion to suppress, challenging the legality of his stop. 
Because there was no jury, the parties agreed to present that issue to the
court as part of the trial.  The State called Trooper Frederick as its sole
witness.  Following his testimony, the trial court denied Noack=s motion.

A. 
Standard of Review.  

A
trial court=s ruling
on a motion to suppress is reviewed for an abuse of discretion.
Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). 
Neither party requested findings of fact, and the trial court did not make any
express findings.  Consequently, we will imply the necessary fact findings that
would support the trial court=s
ruling if the evidence, viewed in the light most favorable to the trial court=s ruling, supports these
implied fact findings.  State v. Kelly, 204 S.W.3d 808, 818-19 (Tex.
Crim. App. 2006).  We will uphold the trial court=s
ruling on a motion to suppress if that ruling was supported by the record and
was correct under any theory of law applicable to the case.  State v. Ross,
32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  We also give deference to the trial
court=s rulings on
mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  Where such rulings do not turn on an evaluation of
credibility and demeanor, we review the trial court=s actions de novo.  Myers v. State,
203 S.W.3d 873, 879 (Tex. App.CEastland
2006, pet. ref=d).

B. 
Analysis.








Noack
contends that the State was required to establish probable cause for his stop
and describes the issue before this court as Awhether
moving safely over the fog line, under the circumstances of this case as shown
by the evidence admitted, was a violation of the law to support probable cause.@  We disagree with Noack=s characterization of the
issue.  A police officer need not have probable cause before making a traffic
stop.  An officer can lawfully detain an individual when he has a reasonable
suspicion to believe that the individual is violating the law.  Ford v.
State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable suspicion
exists if the officer has specific, articulable facts that, when combined with
rational inferences from those facts, would lead him to reasonably conclude
that a particular person actually is, has been, or soon will be engaged in
criminal activity.  Id.

It
is generally illegal to drive on an improved shoulder.  However, Tex. Transp. Code Ann. ' 545.058(a) (Vernon 1999)
provides:

An
operator may drive on an improved shoulder to the right of the main traveled
portion of a roadway if that operation is necessary and may be done safely, but
only:

 

(1)
to stop, stand, or park;

(2)
to accelerate before entering the main traveled lane of traffic;

(3)
to decelerate before making a right turn;

(4)
to pass another vehicle that is slowing or stopped on the main traveled portion
of the highway, disabled, or preparing to make a left turn;

(5)
to allow another vehicle traveling faster to pass;

(6)
as permitted or required by an official traffic-control device; or

(7)
to avoid a collision.

 








Trooper
Frederick testified that Noack=s
motorcycle crossed the fog line onto the improved shoulder twice and that none
of Section 545.058(a)=s
exceptions applied.  This would appear sufficient to justify the stop; however,
Noack contends that Section 545.058(a) is inapplicable because the controlling
statute is Tex. Transp. Code Ann.
' 545.060 (Vernon
1999)[1] and,
alternatively, that the stop was unjustified because Trooper Frederick did not
testify that Noack=s
actions were unsafe.   The possibility that Noack=s
actions might implicate more than one code provision does not impact our
analysis.  The State, rather than Noack, chooses the statute on which it
intends to rely to justify a stop.  Once it makes that determination, the State
then has the burden of establishing a reasonable suspicion that this statute
had been violated.  Our inquiry, consequently, considers Section 545.058(a).  
Noack=s alternative
argument misconstrues Section 545.058(a)=s
language.  The State need not establish that Noack was driving unsafely.  If
none of the statutory exceptions allowing a driver to drive on the shoulder
apply, it is immaterial whether Noack was driving safely.        Noack next
directs us to his trial testimony that he pulled over onto the shoulder to
allow an approaching car to pass.  This is authorized by Section 545.058(a),
but whether that is what occurred was disputed at trial.  Trooper Frederick
testified that Noack was not moving over to allow anyone to pass and that this
is not what Noack said at the scene.  We are not allowed to engage in a factual
review but must give almost total deference to the trial court=s resolution of disputed
questions of fact.  Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim.
App. 2002).  The trial court could find Trooper Frederick=s testimony more credible. 
If so, the record sufficiently establishes that he had a reasonable suspicion
that Noack had violated Section 545.058(a).  Thus, the court did not abuse its
discretion by denying the motion to suppress.[2]

The
trial court=s ruling
can also be justified by the evidence of intoxication.  Trooper Frederick
testified that it appeared Noack might be having difficulty keeping his
motorcycle in the lane of traffic.  Noack was in the center of the travel lane
before he swerved over and went completely across the fog line, swerved back,
and then did it again less than one-half mile later. Trooper Frederick
testified that driving on an improved shoulder is a typical symptom of an
intoxicated driver and that he suspected Noack might be intoxicated.

Because
the record supports a determination that Trooper Frederick had a reasonable
suspicion that Noack was violating the law, he was authorized to detain him,
and Noack=s issue is
overruled.

                                                         IV.
Holding

The
judgment of the trial court is affirmed.

 

November 13, 2008                                                                 RICK
STRANGE

Do not publish.  See Tex. R. App. P. 47.2(b).                         JUSTICE

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









     [1]This statute
requires a driver to drive as nearly as practical entirely within a single lane
and to avoid moving into another lane unless it can be done safely.





     [2]Noack argues that
motorcycle drivers are being treated differently than automobile drivers
because, if he had been driving a car and if only two wheels had crossed the
fog line, the trial court would have been more likely to grant his motion to
suppress.  Noack concludes, therefore, that he is being deprived of equal
protection and due process.  This argument was not presented to the trial court
and is not preserved for our review.  See Wright v. State, 28 S.W.3d
526, 536 (Tex. Crim. App. 2000) (constitutional error not presented to the
trial court may not be raised on appeal).